ROBERT L. BRIGHT *vs.* GEORGE S. JAMES *et al.*

JULY 12, 1913.

PRESENT: Johnson C. J., Parkhurst, Sweetland, and Vincent, JJ.

*(1)  Equity.  Specific Performance.  Contracts.*

On a bill in equity for specific performance of a contract for sale of real estate, where it appeared that there was no time fixed for performance, but delivery of the deed and payment of the price were to be concurrent acts and neither party tendered performance on his part and demanded performance by the other until such action was taken by complainant nearly two years after

execution of the contract, the complainant was not free from fault, and his right to relief was only saved by the fact that respondent did not take the necessary steps to repudiate the contract. In such case the complainant is sufficiently compensated if made whole, and respondent will not be required to account for the profits derived from the sale of trees which he cut, but will be required to account for their value as standing timber.

*(2)   Contracts.   Specific Performance.   Interest.*

On a contract for sale of real estate no time for performance was fixed, but the price was "to be paid on the closing of the title and the passing of the deed," and no interest was provided for by the contract.

*Held*, that the purchase price would not draw interest for the benefit of vendors until it was made payable by tender of a deed conveying good title.

*(3)   Contracts.   Interest.*

Before interest as damages will be allowed for the breach of a contract to pay money, there must be a default in payment of the debt and interest is usually allowed from such default. The debt must be ascertained in amount or capable of ascertainment and there must be certainty as to time of payment also.

*(4)   Equity.   Costs.*

In a bill in equity for specific performance of a contract for sale of real estate where the decree for complainant awards costs in his favor, it covers the costs up to the time of entry of such decree and subsequent costs in proceedings before a master will be reserved until entry of the decree after the coming in of the master's report.

BILL IN EQUITY. Heard on prayer for modification of decree.

PER CURIAM. In this case after the opinion reported in 35 R. I. 128, the respondents urge the modification of the decree appealed from so that it shall not order an accounting of the profits derived from the sale of trees which the respondents cut on the land in question after the contract for the sale of said land was made; and argue that as all the complainant purchased was the land with the standing timber thereon, he is fully recompensed if the respondents are made to account for the value of the trees as standing timber. In the opinion we said (p. 145): "The decisive question in the case is: Was the complainant guilty of laches which forfeited his rights under the contract? No time was fixed in the contract for performance. The delivery of

the deed and the payment of the balance of the purchase price were to be concurrent acts. Neither party tendered performance on his part and demanded performance by the other until such action was taken by the complainant in the spring of 1909. The rule in such cases is stated in 36 Cyc. 730, thus: ' Where time is not essential, and the tender of the deed and payment were to be concurrent acts, and neither party has tendered performance and demanded performance by the other, neither party is in default, and the contract remains in force until barred by the statute of limitations, or until notice is given requiring performance within a specified time, or until the situation of the parties is so greatly changed that specific performance would be inequitable.'" The situation is not one where the complainant has been free from fault and the respondents, only, responsible for the delay. The conduct of the complainant was sufficiently dilatory to have justified the respondents in repudiating the contract if they had taken the steps necessary to do so. The complainant's right to specific performance was only saved to him by the failure of the respondents to so act. Such being the case, the complainant is sufficiently compensated if made whole. The evidence shows that at the time the timber was cut the respondents thought the contract had been abandoned by the complainant and his delay was sufficient to cause them to have that belief. A decree which makes the complainant whole and gives him the property he bargained for, or its equivalent in money, is all that he has a right to ask.

Even in an action for conversion the damages would be fixed at the value of the standing trees. As Stiness, J., says in *Woods* v. *Nichols*, 21 R. I. 537, 540, "As to the damages, the general rule is that the measure is the value of the property at the time of the conversion." In Sedgwick on Damages, 9th ed. Vol. II, p. 981, the author says: "But by the prevailing view, the defendant, if he acted in good faith, is allowed the value of his labor; that is, the measure of damages is the value of the property as it was just before the

defendant's wrongdoing began." We think no harsher rule should be applied in this case, and that the decree should be modified by striking out the requirement that the respondents account for profits in cutting and disposing of the timber.

Complainant states that he has been informed that the saw-mill and shingle mill included and described in the contract were converted by respondent James to his own use and carried to other properties owned by him, where they were destroyed by fire, and suggests an addition to the third paragraph of said decree to make sure that the same be accounted for. This addition may properly be made.

(2) The respondent claims that the decree should order interest to be paid by the complainant from the date at which the respondent was able to give the complainant the title which he is now taking. No time for performance was fixed by the contract, but the balance of the purchase price was "to be paid on the closing of the title and the passing of the deed." No interest was provided for by the contract.

Under these conditions interest could be properly given only for default. Certainly on any view the balance of the purchase price would not begin to draw interest for the benefit of the vendors until it was itself due and payable, and it could be made due and payable only by tender of a deed conveying good title to the properties sold. No such tender was ever made and the vendors did not even get the titles which they now have until the fall of 1910, considerably more than a year after this suit was brought.

Therefore they ought not to be permitted to charge the complainant with interest upon money which they refused to receive, when offered to them, and during a period when he was trying to force it upon them and they were resisting performance.

(3) "Before interest, as damages, will be allowed for the breach of a contract to pay money, there must in general be a default in the payment of the principal debt, but interest is usually allowed from the time of such default. Obviously

a party cannot be in default in the payment of a debt until the debt is ascertained in amount or capable of ascertainment, and hence default, so as to render a party liable for interest, cannot occur unless the sum due is certain. There must also be certainty as to the time of payment before there can be a default in payment for which interest as damages will be allowed." 22 Cyc. 1496.

In *Spencer* v. *Pierce*, 5 R. I. 63, 71, the court, after stating the English rule, says: "The well-settled American rule, on the other hand, is much more liberal in this respect, and gives interest, though not stipulated for, as an invariable legal incident of the principal debt, from the day of default, whenever the debtor knows precisely *what* he is to pay, and *when* he is to pay it." See, also, *Durfee* v. *O'Brien*, 16 R. I. 213; *Dary* v. *Providence Police Ass'n*, 27 R. I. 377.

(4)   The respondent also asks that the only costs ordered by the decree be the costs of the action up to the present time and that the costs of inquiries before the master should be left for future determination. The decree awards costs to the complainant. The matter of costs is thus covered to the present time; all subsequent costs, including the cost of proceedings before the master, may be reserved for the consideration of the Superior Court upon the entry of decree after the coming in of the Master's report.

The decree may therefore be modified by amending paragraph 3 thereof so as to read:

"THIRD: That the complainant is entitled to have an account taken of the quantities and kinds of the timber, wood and other materials cut or sawed and removed or otherwise converted or destroyed by the several respondents from any of the properties embraced in said contract, since the date of the same, so that said timber, wood and materials cannot be now conveyed by the respondents to the complainant (not including in said accounts the necessary fire-wood and wood for necessary repairs upon the said properties used as such by the respondents or the ordinary annual products of the soil of said properties), and of the total value of said timber, wood and other materials in their natural state before being

severed or removed from the land; and also an account of any injury, damage, loss or depreciation caused, since the date of said contract, to said properties or any of them, considered as making up one entire purchase by the complainant, by mismanagement, waste, active or passive, dilapidation or improper unhusbandlike use or management on the part of the respondents or any of them and not covered by the account first above mentioned, including the value of the saw mill and shingle mill and other personal property mentioned in said contract or the amount of damage to the same, if destroyed or damaged, by fire or otherwise, while being used by the respondents or any of them in violation of said contract;" and by amending paragraph 4, by striking out the words "and of such net profits," so that said paragraph shall read:

"FOURTH:   That when the total amount of the value of such timber, wood and other materials and of such injury, damage, loss and depreciation has been fixed and determined by the taking of such accounts, the complainant is entitled to have such total amount applied as a credit or payment on the balance of the purchase price for said properties as fixed in said contract."

By amending paragraph 7 by adding thereto. the word "to the present time.   The subsequent costs, including the costs of proceedings before the Master are reserved for consideration upon the entry of decree after the coming in of the Master's report;" and by substituting in the ninth paragraph the name of Royal H. Gladding in place of that of Chester W. Barrows as Master.

As thus modified the decree appealed from will be affirmed and the cause will be remitted to the Superior Court for Washington county for further proceedings.

The parties may present draft of decree modified as provided in this opinion on Friday, July 11, 1913, at 10 o'clock A. M.

*Gardner, Pirce & Thornley,* for complainant.

*William W. Moss,* of counsel.

*Harry B. Agard, Tillinghast & Collins,* for respondents.